IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| YEHUDA YOSEF ADLER AND JENNIE ADLER individually & as Next Friend of R. A. (Minor Child) <br><br> Plaintiffs, <br><br> V. <br><br> AMERICAN AIRLINES, INC. <br> Defendant. | § § § § § § § § § § § § CIVIL ACTION NO. _____ |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs, YEHUDA YOSEF AND JENNIE ADLER, ("The Adlers" or "Plaintiffs"), by and through their attorneys, on behalf of themselves individually and as next friend of their minor child, based on personal knowledge with respect to their own circumstances and based upon information and belief pursuant to the investigation of their counsel as to all other allegations, bring this civil rights action pursuant to 42 U.S.C. §1981 against Defendant, AMERICAN AIRLINES, INC., ("Airline") for discrimination that relates to the Adlers' race, religion, ancestry, country of origin, and ethnic characteristics, for denial of freedom and equality, for embarrassment, humiliation, for disparaging treatment, for defamation, for negligence and for intentional infliction of emotional distress.

I.

### PARTIES

Plaintiffs, YEHUDA YOSEF AND JENNIE ADLER individually and as next friend of their minor child, are natural persons who are and have been, at all relevant times, residents of Michigan State and American citizens.

Defendant AMERICAN AIRLINES, INC., is a Delaware corporation with its principal place of business located at 4333 Amon Carter Boulevard, Fort Worth, Texas 76155. For purposes of 28 U.S.C. § 1332, American Airlines is a citizen of Delaware and Texas. It may be served with process through its agent for service of process, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

II.

## JURISDICTION

This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C § 1331, 1333, as the claims averred herein arise out of civil and constitutional rights violations arising under the Civil Rights Act of 1991, 42 U.S.C. § 1981 and 42 U.S.C. § 2000(d), which prohibits racial discrimination. This Court also has subject matter jurisdiction pursuant to U.S.C. §1332(a)(2) because the Plaintiffs and the Defendant are citizens of different states and the amount in controversy exceeds $75,000.00 excluding interest and costs.

Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiffs' state law claims of discrimination because of the Adlers' race, ancestry, and ethnic characteristics because Plaintiffs claims are so related to the claims within the court's original jurisdiction that they form part of the same case or controversy under Article 3 of the U.S. Constitution - American Airline's discrimination against Plaintiffs in removing the Adlers from American Airline flight.

III.

## VENUE

Venue is proper in this district under 28 U.S.C. §1391(a)(1)/ §1391(b)(1) and §1391(a)(3) because defendant American Airlines, Inc. reside in this State and is subject to personal

jurisdiction in this district.

## IV.

## CONDITIONS PRECEDENT

All conditions precedent to the institution of this lawsuit have been performed or have occurred.

## V.

## STATEMENT OF FACTS

(a) On January 23, 2019 Plaintiffs, Yehuda Yosef Adler, Jennie Adler and their 19 month old daughter (the Adlers), who are recognizably Orthodox Jews (racial and religious minority) were subjected to discriminatory treatment by American Airline employees in violation of federal anti-bias laws. The Adlers were passengers aboard Defendant, American Airlines' Flight 1023 from Miami (MIA) to Detroit and were among the last people to board the aircraft.

(b) According to Mr. Adler, "When we entered the plane I asked the stewardess for headphone "As we were on the plane yesterday that turned around they mentioned if we need anything the next time including headphones please feel free to ask." The pilot (I didn't realize he was standing there too said " I wasn't on that plane and we don't offer anything complimentary."

(c) The response from the Pilot was so nasty and humiliating but Mr. Adler ignored it and he and his family proceeded to their seats 12A and 12B in Row 12. The family had not been seated for up to five (5) minutes when they were approached by Defendant's agent (one of the people who served as gate agents earlier) who approached him from outside of the aircraft saying "Sir, there's an emergency and you must deplane..."

(d) Once outside, Defendant's agent told Mr. Adler that the Pilot was booting the

family off the plane because of body odor. Mr. Adler asked the agent if the body odor was emanating from him, his wife, or child, and the agent would not respond to the question but continued to state that the Adlers must leave the plane at the instruction of the pilot and because they had extremely offensive body odor. The Adlers' expressed shock at what they had been told because no one had ever told them that they have any offensive odor, in prior flights or this flight for that matter and they had actually showered that morning. In response, Defendant's agent made disparaging and derogatory statement telling the Adlers that he knew that Orthodox Jews take baths once a week. Plaintiffs were distraught and even though embarrassing, approached persons in the same area of the boarding gate asking them if they could detect unpleasant body odor from any of the Adler family and each and every person (more than 20 people) answered in the negative.

(e) Defendant acknowledged its disparaging and defaming statements in several statements made to local news and reporters. Defendant distributed and disseminated this humiliating yet disturbing false report of the Adlers' body odor to the press and the public.

(f) Today, a search of "body odor" includes results showing the Adler name. Irreparable dishonor! mortification, indignity, and disgrace.

(g) Despite Plaintiffs pleas and requests to allow them re-board, the Adlers were not permitted to re-enter the aircraft. The Adlers requested their luggage and the agent stated that it would be taken off the plane but the plane was shut and immediately took off with their luggage leaving the Adler's without change of clothes and only the clothes on their backs. The plane took off with the child's car seat, stroller, diapers, and all.

(h) At that point the Adlers were confused, deeply humiliated, disrespected, lost, perplexed, and at a complete loss. They were utterly puzzled. The Adlers were being

discriminated against because of their race, religion and nationality. Even with knowledge of the minor 19 month old member of the Adlers' crew, Defendant still detained Plaintiffs outside the aircraft and refused them entry into the aircraft and/or access to their personal belongings.

(i)     The experience was more than humiliating to the Adlers who were removed from the aircraft while the remaining passengers watched.

(j)     Despite having done nothing wrong, American Airline flight 1023 took off without Plaintiffs but with Plaintiffs' entire luggage. It was apparent that the Adlers had been racially profiled. But for their race, religion, and nationality, the Airline would not have lied about them smelling, would not have removed them from the flight, and would not have refused them re-boarding. Plaintiffs were deprived of the ability to travel on their contracted flight and delayed till they could join a flight the next day.

(k)     The delay deprived the Adlers of their contractual right to fly based on their purchased ticket with American Airlines. The Adlers were seriously inconvenienced, treated as criminals, humiliated, insulted, defamed, missed appointments, incurred incidental expenses, and suffered trauma and emotional distress.

(l)     Upon information and belief, Defendant did not observe any suspicious or concerning activity and cannot claim FAA Permissive refusal authority under section 44902(b). At no time did the Airline believe or decide that Plaintiffs were or might be inimical to safety. There were no facts supporting any threat idea. The Pilot of the aircraft simply observed that the Adlers were Jews, Orthodox Jews because Mr. Adler wore a yarmulke and Mrs. Adler wore a shaytel and long skirt, and therefore unequal to share the cabin with him and other passengers let alone request grant of an item that is complimentary to every other passenger and decided to remove them from the contracted flight.

(m) Defendant intentionally discriminated against the Adlers because they are Jews and practicing Orthodox Jews. Plaintiffs were embarrassed, humiliated, in shock, and mystified.

(n) Defendant wrongfully singled out the Adlers because they were Jews and punished them publicly because the Defendant's Pilot did not want them on the plane. The Pilot wanted the Adlers deplaned because an Orthodox Jew made a polite request for a complimentary head phone promised all passengers.

(o) Plaintiffs contend that Defendant, through its agents intentionally discriminated against them by removing them from the aircraft on the basis of the Adlers' race, religion, ancestry, and ethnic characteristics and prevented them from enforcing their contract in violation of 42 U.S.C. §1981.

(p) Defendant's intentional discrimination against Plaintiffs resulted in Plaintiffs being denied equal rights and benefits, exclusion, defamation, denial of freedom and equality, negligence, intentional infliction of emotional distress, unbearable humiliation, mental anguish, and unjust treatment.

(q) The Adlers suffered and will continue in the future to suffer trauma, stigmatization, severe mental and emotional distress, depression, despair, repugnance, embarrassment, public humiliation, damage to personal and professional reputation, anxiety, fear and apprehension associated with airports and flying, loss of appetite, insomnia, and migraines. The Adlers are being pressured to see their race and religion as inferior to that of Whites, dirty and unwelcome.

VI.

## CAUSE(S) OF ACTION

### 1. *Discrimination And Denial Of Equal Rights Under The Law - 42 U.S.C §1981*

Plaintiffs hereby re-plead, re-allege and incorporate all previous allegations of this Complaint, as if fully set forth herein.

Plaintiffs are members of a racial minority - the Jewish racial minority group and also Orthodox Jews. At all times relevant hereto, Plaintiffs, despite their race, nationality, culture, religion, skin, and color, had the same civil right to be treated equally in making and enforcing contracts and to be subject to the same punishments, pains, penalties, as white citizens, and to no other, pursuant to 42 U.S.C. § 1981.

Therefore when Plaintiffs contracted with American Airline, a commercial air carrier engaged in air transportation services for passage on Flight 1023 from Miami to Detroit, Plaintiffs had equal rights of performance, benefits, privileges, terms, and conditions of the contracts entered into. Plaintiffs had the rights to be treated equally and in a manner free from discrimination pursuant to the Act.

The Adlers rights were violated when they were denied equal treatment in making and enforcing their contract with American Airlines, and were not subject to the same punishments, pains, penalties, and exclusions.

Defendant intentionally, purposefully and maliciously discriminated against Plaintiffs based on their race, religion and nationality when by and through American Airline employees and agents, Plaintiffs were removed from the contracted flight on January 23, 2019 for no wrong but for flying while Orthodox Jews and in addition having the guts to make at complimentary request.

Defendant is liable for the religious and racially charged discriminatory conduct and actions of its agents and employees. American Airlines had no legitimate reason or justification to remove Plaintiffs from the flight. First it lied about an emergency to deplane the Adlers when

the truth was that the Adlers removal was for racial and for prejudicial reasons. American Airlines further insulted Plaintiffs by making oral and written defamatory statements that the removal was because of the Adlers' offensive odor. Odor that no one else but the Defendant and its Pilot supposedly identified. Defendant did not observe any safety concerns with Plaintiffs except for the fact that Defendant's Pilot desired Plaintiff removed from the flight because he was clearly uncomfortable with the Adlers attempting to share the aircraft he was flying and had the guts while being an Orthodox Jew to make a polite request to be given some headphone that he was told was complimentary to his flight. That was the Adlers sin that caused them and their baby to be booted from a flight and deprived of their personal belongings. The exclusion was motivated by unlawful religious hostility and animus towards the Adlers as recognizable Jews.

### 2. *Discrimination And Denial Of Equal Rights Under The Law 42 U.S.C. § 2000(d)*

Plaintiffs hereby re-plead, re-allege, and incorporate all previous allegations of this Complaint, as fully set forth herein.

At all times relevant hereto, Plaintiffs had the right to participate and enjoy the benefits of federally assisted programs and not be excluded or discriminated against based on race, color, or national origin pursuant to 42 U.S.SC. § 2000(d).

At all times relevant hereto, American Airline was and is a commercial air carrier receiving federal assistance as it operates according to the rules and regulations of the Federal Aviation Agency and the Department of Transportation, Department of Homeland security, and works in compliance with various other federal agencies,. American Airlines also receives federal funds via federal subsidies and therefore is subject to 42 U.S.C. § 2000(d). Defendant through and by the actions of its agents and employees violated 42 U.S.C. § 2000(d) when it deprived Plaintiffs the participation and benefits of this program.

### 3. Violation of 49 USC § 44902

Plaintiffs hereby re-plead, re-allege, and incorporate all previous allegations of this Complaint, as if fully set forth herein.

Defendant's act of exclusion against Plaintiffs was solely motivated by hostility and animus towards Plaintiffs because of their race, religion and national origin. The exclusion was arbitrary and capricious. It was unjustified, unreasonable, and it was discriminatory.

Defendant's exclusion of Plaintiffs from its flight 1023 on January 23, 2019, violated the relevant provision of the Airline Deregulation Act according to Section 44902.

As a result, Plaintiffs have suffered emotional damages that includes pain, suffering, unimaginable humiliation, distress, mental anguish, and irreversible mutilation of the Adler name.

### 4. Negligence

Plaintiffs hereby re-plead, re-alleges, and incorporate all previous allegations of this Complaint, as if fully set forth herein.

American Airlines is a commercial airline in the business of providing air transportation to passengers and as such, is a common carrier bound by a heightened duty of care to its passengers. Plaintiffs were equally owed this duty of care as a paying, ticketed, and seated passengers of American Airlines.

American Airlines racially discriminated against Plaintiffs and acted negligently, breaching its duty of care to Plaintiffs in the following ways:

    a.    failing to act reasonably in providing a safe travel environment free from hostility and racial discrimination;

    b.    failing to act with the highest care and vigilance of a cautious person in providing

        a safe travel environment free from hostility and racial discrimination;

c.     failing to establish protocols and procedures regarding reliance on purported "complaints" that were completely unreasonable that required the Pilot to remove Plaintiffs;

d.     failing to take reasonable care in assessing, addressing, corroborating, verifying, or even simply determining the authenticity of the pilot's complaints;

e.     failing to act with the highest care and vigilance of a cautious person in assessing, addressing, corroborating, verifying, or even simply determining the authenticity of the pilot's or purported passengers' complaints;

f.     failing to honor contractual relationships;

g.     failing to treat a Jew, Orthodox Jew, the same way as white speaking Pilot and other passengers; and

h.     failing to reasonably avoid harm to passengers.

### 5. *Intentional Infliction of Emotional Distress*

Plaintiffs hereby re-plead, re-allege, and incorporate all previous allegations of this Complaint, as if fully set forth herein.

The actions of Defendant and its employees and agents in removing Plaintiffs from a contracted flight for Orthodox Jews, is arbitrary and capricious. Defendant's decision to refuse Plaintiffs passage after boarding its aircraft was solely because of their race, religion, and nationality. Defendant's conduct transversed beyond all bounds of decency and decorum.

Defendant AMERICAN AIRLINES, INC., intentionally and/or recklessly mistreated plaintiffs and caused Plaintiffs to suffer major depression after extreme humiliation. Defendant's conduct was extreme and outrageous and proximately caused Plaintiffs severe emotional distress. Plaintiffs suffered damages for which Plaintiffs herein sues.

## 6. Defamation

Plaintiffs hereby re-plead, re-allege and incorporate all previous allegations of this Complaint, as if fully set forth herein.

On or about January 24, 2019, Defendant distributed statements to the press some of which stated that "Mr. Adler and his wife were removed from the flight when several passengers complained about their body odor" and that "the Adler family were asked to deplane last night after several passengers, along with crew members, complained about their body odor." "Family kicked off American Airline flight in Miami after passengers complain about body odor", American Airlines removes family from flight after body odor complaints, and "Michigan family removed from AA flight after 'multiple' complaints of body odor." (the Statements").

The Statements were disseminated in the media, internet, television, radio, newspapers, journals and more.

The Statements were false and defamatory. At the time of the statements, Defendant knew or should have known the statements to be false and defamatory because Plaintiffs did not have an offensive or unpleasant body odor and they were not removed from flight 1023 for that reason or for any other legitimate reason.

Plaintiffs have as a result, been subjected to widespread ridicule and embarrassment. Plaintiffs have suffered emotional damages including pain, suffering, mental anguish, distress, unimaginable humiliation, irreparable damage to the Adler name and dejection.

Defendant's defamatory conduct was knowing, intentional and malicious and defamatory *per se*.

VII.

**PUNITIVE DAMAGES**

Plaintiffs suffered nasty, discriminatory and racially charged conduct by Defendant. Defendant acted intentionally, purposefully, and maliciously in discriminating against Plaintiffs because of race, religion and national origin. Plaintiffs were singled out as persons not wanted on the aircraft because of race, color, religion and nationality. Defendant's action caused Plaintiffs unbearable humiliation, embarrassment and mental and emotional anguish.

Defendant's acts were oppressive, despicable, and in conscious disregard of the civil rights of Plaintiffs thereby warranting an award for punitive damages against Defendant to punish and make an example of them.

Defendant's egregious acts of discrimination against Plaintiffs was willful and so deserving of the imposition of punitive damages in an amount to be determined by the jury to deter future acts of discrimination and humiliation by Defendant and to punish Defendant for discriminatory conduct against Plaintiffs.

VIII.

**ATTORNEY'S FEES**

Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiffs herein, including all fees necessary in the event of an appeal of this, as the Court deems equitable and just, as provided by 42 U.S.C. § 1988(b).

**JURY DEMAND**

Plaintiffs hereby demand jury trial on all issues, claims, actions and defenses in this case.

**PRAYER**

Wherefore, Plaintiffs request that defendant be summoned to appear and answer and that

on final trial, judgment be granted against defendant, awarding Plaintiffs the following:

    a. Actual damages,

    b. Compensatory damages including damages for emotional distress and humiliation and irreversible defacement of the Adler name,

    c. Punitive damages,

    d. Pre and post judgment interest, in the maximum amount allowed by law,

    e. All reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiffs as stated in 42 U.S.C. § 1988,

    f. All reasonable and necessary costs incurred in pursuit of this suit, and

    g. Such other and further legal and equitable relief to which plaintiffs may be justly entitled.

    h. Exemplary damages in an amount commensurate with defendant's ability and so as to defer future malicious, reckless and or intentional discriminatory conduct.

Respectfully submitted,

ODUNZE NWOGU LAW GROUP, P.C.

By: */s/ Nwadi Nwogu*

Nwadi Nwogu
Texas Bar. No. 24074826
Southern District ID No. 1125432
Nwadi@onlawgroup.com
Meka Odunze
Texas Bar No. 24004844
Southern district ID No. 23127
Meka.Odunze@onlawgroup.com
6000 Savoy Drive, Suite 302
Houston, Texas 77036
Tel: (713) 334-8080
Fax: (713) 334-3533

ATTORNEYS FOR PLAINTIFF